**UNITED STATES DISTRICT COURT**
**DISTRICT OF MAINE**

STATE OF MAINE and
MAINE DEPARTMENT OF MARINE RESOURCES,

Plaintiffs,

v.

NATIONAL OCEANIC AND ATMOSPHERIC ADMINISTRATION; LAURA GRIMM, in Her Official Capacity as Chief of Staff performing the duties of Under Secretary of Commerce for Oceans and Atmosphere and NOAA Administrator; UNITED STATES DEPARTMENT OF COMMERCE; and HOWARD LUTNICK, in His Official Capacity as Secretary of Commerce,

Defendants.

No.: 1:25-cv-00324-SDN

**CONSENT ORDER REGARDING SETTLEMENT AGREEMENT AND RELEASE**

This matter comes before the Court upon the Parties' Joint Motion for Court to Retain Limited Jurisdiction and to Dismiss with Prejudice, *see* ECF No. 50, seeking dismissal of this action conditioned on the Court's retention of jurisdiction to resolve any motions brought to enforce the terms of the Parties' fully executed Settlement Agreement and Release (hereafter "Settlement Agreement," attached hereto). *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375 (1994). Good cause has been shown for the entry of this Order.

IT IS THEREFORE, on this 3rd day of September, 2026, **ORDERED** as follows:

1. The Court incorporates the terms of the Settlement Agreement herein and makes it an Order of the Court.

2. The Court retains ancillary jurisdiction to enforce the Settlement Agreement and resolve any disputes regarding compliance that may occur through completion of the *Transformational Habitat Restoration and Connectivity in Downeast Maine* project, which the Parties estimate to occur around March 2031.
3. The Court finds that the scope of its continuing jurisdiction is limited by reasonable time limits for the parties to invoke the Court's review of issues arising from the Settlement Agreement.
4. Any dispute regarding compliance with the Settlement Agreement and this Order shall be brought to and resolved by this Court. The Court has discretion to award any legal or equitable relief it deems appropriate in the event of noncompliance with the Settlement Agreement.
5. Subject to the foregoing, and except as expressly set forth above, all claims and defenses in the action shall be and hereby are released with prejudice.
6. Except as otherwise agreed to by the Parties, each party shall bear its own fees and costs incurred to date in this action.

**SO ORDERED.**

Dated this 3rd day of September, 2026.

/s/ Stacey D. Neumann
**UNITED STATES DISTRICT JUDGE**

AARON M. FREY
Attorney General

/s/ Jack Dafoe
JACK DAFOE
Assistant Attorney General
Office of the Maine Attorney General

ANDREW B. BENSON
UNITED STATES ATTORNEY

/s/ John G. Osborn
JOHN G. OSBORN
Assistant United States Attorney
United States Attorney's Office

6 State House Station
Augusta, ME 04333
(207) 626-8800
jack.dafoe@maine.gov

100 Middle Street
Portland, ME 04101
(207) 780-3257
John.Osborn2@usdoj.gov

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MAINE**

| | |
|---|---|
| STATE OF MAINE and<br>MAINE DEPARTMENT OF MARINE RESOURCES,<br><br>PLAINTIFFS,<br><br>v.<br><br>NATIONAL OCEANIC AND ATMOSPHERIC ADMINISTRATION; LAURA GRIMM, in Her Official Capacity as Chief of Staff performing the duties of Under Secretary of Commerce for Oceans and Atmosphere and NOAA Administrator; UNITED STATES DEPARTMENT OF COMMERCE; and HOWARD LUTNICK, in His Official Capacity as Secretary of Commerce,<br><br>DEFENDANTS. | Case No. 1:25-cv-00324-SDN |

**SETTLEMENT AGREEMENT AND RELEASE**

This settlement agreement and release ("Agreement") is entered into by the State of Maine and the Maine Department of Marine Resources ("Plaintiffs") and the National Oceanic and Atmospheric Administration ("NOAA"); Neil Jacobs, in his official capacity as Under Secretary of Commerce for Oceans and Atmosphere and as NOAA Administrator; the United States Department of Commerce; and Howard Lutnick, in his official capacity as Secretary of Commerce ("Defendants") (collectively, the "Parties").

WHEREAS, on June 17, 2025, Plaintiffs filed the above-captioned lawsuit alleging violations of the Administrative Procedure Act (APA) and the United States Constitution, alleging *ultra vires* acts by Defendants, and seeking injunctive and declaratory relief regarding the termination of a grant by Defendant NOAA to Plaintiff Maine Department

of Marine Resources for the *Transformational Habitat Restoration and Connectivity in Downeast Maine* project (the "Lawsuit," Dkt. #1);

WHEREAS, on April 14, 2026, this Court issued an order granting in part and denying in part Defendants' Motion to Dismiss for Lack of Jurisdiction (Dkt. #33), and, on May 12, 2026, Defendants answered Plaintiffs' Complaint (Dkt. #36);

WHEREAS, Defendants deny the material allegations of the Lawsuit; and

WHEREAS, the Parties wish to resolve the Lawsuit and avoid the uncertainty and expense of litigation and to expeditiously restore project funding;

NOW, THEREFORE, in consideration of the mutual promises, covenants, and agreements contained herein, and other good and valuable consideration, receipt of which is hereby acknowledged, the Parties agree as follows:

IT IS HEREBY STIPULATED, AGREED, and ORDERED as follows:

1. In consideration of the agreement made by DEFENDANTS as set forth below, and other good and valuable consideration, the receipt of which is hereby acknowledged, Plaintiffs hereby for themselves, their heirs, executors, administrators, attorneys, successors, and assigns IRREVOCABLY AND UNCONDITIONALLY, RELEASE, ACQUIT, AND FOREVER DISCHARGE Defendants and their respective successors and assigns, and the current and former directors, officers, employees, agents, attorneys, representatives, and insurers and their successors, and all related or affiliated persons or entities from any and all claims, complaints, grievances, liabilities, obligations, promises, agreements, damages, causes of action, rights, debts, demands, controversies, costs, losses, damages, and expenses (including attorneys' fees and expenses except where noted herein) whatsoever, whether known or unknown, suspected or unsuspected, foreseen or unforeseen, liquidated or unliquidated, which they have, or have ever had at

any point prior to and up to and including the Effective Date of this Agreement and arising out of or connected with any acts or failure to act occurring at any time whatsoever, including at any point prior to and up to and including the Effective Date of this Agreement, any and all claims which were or could have been asserted in the Lawsuit, and any damages or claims resulting from same, relating to the termination of a grant by NOAA to the Maine Department of Marine Resources for the *Transformational Habitat Restoration and Connectivity in Downeast Maine* project (award number NA24NMFX463C0066-T1-01) including, without limitation, all claims arising under the APA or the United States Constitution, and any and all municipal, local state, federal, and local human rights and anti-discrimination laws, or any other grounds, whether based on common law, statute or otherwise, including, but not limited to, claims occurring at any point prior to and up to and including the Effective Date of this Agreement.

Notwithstanding the foregoing, this Agreement shall not release or otherwise affect or limit (i) the rights and obligations of the Parties arising out of this Agreement; (ii) the right of the Parties to enforce this Agreement; (iii) any claims that which by law cannot be released; and (iv) any claims arising after the Effective Date of this Agreement.

2. Upon issuance of the Court's Consent Order Regarding Settlement Agreement, attached hereto as Exhibit A, NOAA will vacate its April 9, 2025, termination of the grant for the *Transformational Habitat Restoration and Connectivity in Downeast Maine* project (award number NA24NMFX463C0066-T1-01) and will reinstate the grant. The Parties will work in good faith to reach agreement on a revised project schedule within a reasonable time.

3. Defendants agree that neither they nor any of their employees will terminate the award referenced above pursuant to 2 C.F.R. § 200.340(a)(4) for the following reasons

stated in the April 9, 2025, termination letter: 1) the project is an overuse of taxpayer dollars; 2) barring a change in NOAA policy priorities, the project falls outside NOAA's current direction regarding habitat restoration; or 3) the project is better suited for another governmental entity, whether state or federal. Plaintiffs acknowledge that Defendants otherwise retain the right to terminate the award referenced above for failure to comply with its terms and conditions pursuant to 2 C.F.R. § 200.340(a)(1) or any other lawful basis prescribed by Federal statute, regulation, and/or any terms incorporated into the grant award.

4. The actions by Defendants outlined above fully resolve any and all claims by Plaintiffs against Defendants or the United States of America (the "United States"), or any department, agency, officer, or employee of Defendants and/or the United States, arising out of the grant termination at issue in this lawsuit.

5. Upon execution of this Agreement, the Parties will file with the Court a Joint Motion for the Court to Retain Limited Jurisdiction and to Dismiss with Prejudice, seeking dismissal of this action with prejudice, and without costs or fees, with the Court retaining jurisdiction, as set forth in the Consent Order Regarding Settlement Agreement, for the purpose of enforcing this Agreement, including resolving disputes about the terms of the same.

6. It is understood and agreed by the Parties that this Agreement, entered into solely for the purposes of compromising disputed claims, avoiding the expenses and risks of further litigation, and expeditiously restoring project funding, is a settlement and compromise of disputed claims, that Defendants expressly deny any liability to Plaintiffs and that nothing in this Agreement shall be construed as an admission of liability or fault on the part of Defendants or the United States or their agents, officers, servants, or

employees. The Parties agree that no party in this matter is a "prevailing party" for purposes of seeking an award of attorneys' fees or costs under any statute or rule of court. Each party agrees to refrain from seeking further or additional relief or consideration for the matter settled herein beyond the terms of this Agreement and enforcement hereof.

7. The parties agree that this Agreement and the Consent Order Regarding Settlement Agreement is non-precedential with respect to any other proceeding against Defendants, the United States, or any agency or instrumentality of the United States.

8. The parties understand and agree that this Agreement constitutes the entire agreement between them, and that no statements, representations, promises, agreements, or negotiations, oral or otherwise, between the parties or their counsel that are not included herein shall be of any force or effect.

9. Plaintiffs warrant that they have not assigned or transferred to any person, entity, or party the claims being released in paragraph 1 of this Agreement. Plaintiffs warrant that they are the sole parties-in-interest with respect to the claims released in paragraph 1 of this Agreement.

10. If any provision or term of this Agreement is held to be illegal, invalid, or unenforceable, such provision or term shall be fully severable; this Agreement shall be construed and enforced as if such illegal, invalid, or unenforceable provision had never comprised part of this Agreement; and the remaining provisions of this Agreement shall remain in full force and effect and shall not be affected by the illegal, invalid, or unenforceable provision or by its severance from this Agreement. Furthermore, in lieu of each such illegal, invalid, or unenforceable provision or term there shall be added automatically as a part of this Agreement another provision or term as similar to the

illegal, invalid, or unenforceable provision as may be possible and that is legal, valid, and enforceable.

11. This Agreement shall not be construed against any party on the basis that that party's attorney drafted it.

12. This Agreement is being executed in one or more counterparts, each of which shall be deemed an original and all of which together constitute one and the same instrument, and photographic copies of such signed counterparts may be used in lieu of the original. Electronic signatures shall be deemed to be as valid and enforceable as original ink signatures.

13. This Agreement shall remain in effect until the completion of the *Transformational Habitat Restoration and Connectivity in Downeast Maine* project.

Dated: September 2, 2026

AARON M. FREY
Attorney General

/s/ Jack Dafoe
JACK DAFOE
Assistant Attorney General
Office of the Maine Attorney General
6 State House Station
Augusta, ME 04333
(207) 626-8800
jack.dafoe@maine.gov

ANDREW B. BENSON
UNITED STATES ATTORNEY

/s/ John G. Osborn
JOHN G. OSBORN
Assistant United States Attorney
United States Attorney's Office
100 Middle Street
Portland, ME 04101
(207) 780-3257
John.Osborn2@usdoj.gov